IN RE: GOODMAN MANUFACTUR-
ING CO., L.P., HVAC PRODUCTS
LIABILITY LITIGATION.

MDL No. 2499.

United States Judicial Panel on
Multidistrict Litigation.

Dec. 13, 2013.

Before JOHN G. HEYBURN II,
Chairman, PAUL J. BARBADORO,
CHARLES R. BREYER, LEWIS A.
KAPLAN, SARAH S. VANCE, and
ELLEN SEGAL HUVELLE, Judges of
the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:**[*] Pursuant to 28
U.S.C. § 1407, plaintiff PB Property Man-
agement, Inc., moves to centralize this liti-
gation in the Middle District of Florida.
This litigation currently consists of three
actions pending in the Central District of
California and the Middle District of Flori-
da, as listed on Schedule A.[1]

Defendants Goodman Manufacturing
Co., L.P., Goodman Global, Inc., and Good-
man Company, L.P. (collectively, Good-
man) support the motion, as do the plain-
tiffs in the three recently-noticed related
actions. Plaintiffs in the two later-filed
actions on the motion, however, oppose
centralization. Alternatively, should the
Panel centralize this litigation, they sup-
port selection of the Central District of
California as the transferee district.

On the basis of the papers filed and
hearing session held, we conclude that Sec-
tion 1407 centralization will not serve the
convenience of the parties and witnesses
or further the just and efficient conduct of
this litigation. Although all of the actions
share some factual issues regarding allega-
tions that evaporator coils in Goodman's
air conditioning products are defective and
prone to coolant leakage, these are not
particularly complex actions. Rather,
these actions uniformly involve relatively
simple warranty claims and straightfor-
ward discovery. They also involve dis-
tinctly separate and non-overlapping puta-
tive classes. Thus, there is no threat of
conflicting class certification rulings.

Perhaps most importantly, even includ-
ing the recently-noticed actions, there are
only six related actions, two of which in-
volve the same plaintiffs' counsel. Given
the limited number of actions and counsel,
alternatives to transfer exist that can mini-
mize whatever possibilities there might be
of duplicative discovery and/or inconsistent
pretrial rulings. *See, e.g., In re Eli Lilly
& Co. (Cephalexin Monohydrate) Patent
Litig.,* 446 F.Supp. 242, 244 (J.P.M.L.
1978); *see also* Manual for Complex Liti-
gation, Fourth, § 20.14 (2004). Counsel
for plaintiffs in the Central District of
California action and one of the Middle
District of Florida actions has already ini-
tiated communications with the other par-
ties to coordinate with respect to discovery
and pretrial orders. We encourage all the
parties in this litigation to engage in such
efforts.

IT IS THEREFORE ORDERED that
the motion, pursuant to 28 U.S.C. § 1407,
for centralization of these actions is de-
nied.

---

[*] Judge Marjorie O. Rendell took no part in the
decision of this matter.

[1]. The parties have notified the Panel of three
additional related actions pending in the
Northern District of Alabama, the District of
Arizona, and the District of South Carolina.

## SCHEDULE A

**MDL No. 2499 — IN RE: GOODMAN MANUFACTURING CO., L.P., HVAC PRODUCTS LIABILITY LITIGATION**

*Central District of California*

*Anne McVicar, et al. v. Goodman Manufacturing Company, L.P., et al.*, C.A. No. 8:13–01223

*Middle District of Florida*

*PB Property Management, Inc. v. Goodman Manufacturing Company, L.P., et al.*, C.A. No. 3:12–01366

*Janet Helm v. Goodman Global, Inc., et al.*, C.A. No. 8:13–01213

---

\* Judge Marjorie O. Rendell took no part in the decision of this matter.

